NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case.  A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

22-P-175

SONALIKA RUNGTA

vs.

VIDUR DHANDA.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

It appears that in 2014, allegations were made by the defendant (father) that the plaintiff (mother) in this matter, involving child custody and visitation, was attempting to remove the parties' minor child from the United States.  Ultimately, a judge of the Probate and Family Court, apparently unable to determine whether in fact the mother was attempting to do so or, rather, whether the father had falsely created computerized records that made it appear that she had done so, appointed a guardian ad litem to investigate.  The guardian did not complete his work.  In a pretrial order dated September 4, 2015, the judge terminated the appointment of the guardian ad litem.  That order, now over seven years old, is not at issue in this appeal and is final.

In a decision after trial dated October 30, 2015, addressing both the merits of the father's amended complaint for modification and complaints by each party for contempt, the judge concluded that "[t]he allegations [that the mother attempted to spirit the child out of the country] implicated airline ticket purchases and other actions on computers. The father is a skilled computer technician. The mother has a successful dental practice. It appeared to the [c]ourt that it was as likely as not that mother was trying to move the child as that father was technologically making it appear as such." The judge found that the guardian ad litem's "investigation was intentionally frustrated by father refusing to pay a $1,000.00 contribution to the investigator." The order containing those findings, again, is not under appeal here and has long since become final.

In September 2021, the father brought the motion at issue in this appeal in the Probate and Family Court. It was captioned "Defendant's Motion for Final Orders and Request for Evidentiary Hearings on Mother's Attempt to Abduct Child." In it, the father requested that the court hold evidentiary hearings and issue orders, presumably containing findings of fact, concerning the alleged attempt by the mother to abduct the child. Among other things, the father in his motion collaterally attacked the findings of the court, many years

2

before, that he refused to pay the guardian ad litem.  A second judge of the Probate and Family Court denied the motion, and the father has now appealed.

Discussion.  Even assuming the order denying the motion is final, appealable, and properly before us, see Borman v. Borman, 378 Mass. 775, 779 (1979), we see no abuse of discretion or other error of law in the judge's denial of the father's motion.

To begin with, in his pro se brief, the father has not identified any live issue in this litigation to which the issues he raised in the motion -- whether his allegations about the mother's behavior were true and whether he refused to pay for the guardian ad litem -- are relevant, nor has he identified under what other authority the motion judge might have ordered the evidentiary hearing he requested.  In any event, even if the judge erred in concluding that the father refused to pay for the guardian ad litem, therefore in some sense incorrectly terminating the appointment of that guardian, and thus incorrectly failed to make any findings based on any of the guardian's work, the appropriate mechanism for addressing any such errors was in a timely appeal from the offending orders of the court described above, not in a freestanding motion filed years later.

Consequently, the judge's denial of the request for an evidentiary hearing and that findings be made involved no abuse

3

of discretion or other error of law.  And, because the law provided an avenue for the father in a timely fashion to raise the concerns he now puts forward, the judge's denial of the instant motion did not deny the father due process of law.

<u>Order entered October 21, 2021, denying motion for final orders and request for evidentiary hearings, affirmed</u>.

By the Court (Rubin, Englander & Brennan, JJ.[1]),

*Joseph F. Stanton*

Clerk

Entered:  July 13, 2023.

---

[1] The panelists are listed in order of seniority.